WILLIAM G. R. MOWRY *et al. vs.* THE CITY OF PROVIDENCE *et als.*

Private persons who only suffer in common with the rest of the public, cannot maintain a suit to prevent injury to a public right. Such a suit must be brought by a properly authorized public officer.

*Clark* v. *the City of Providence, ante,* p. 337, affirmed.

Pub. Laws R. I. cap. 722, of May 31, 1888, authorizing the city of Providence to fill the cove basin, etc., is constitutional.

BILL IN EQUITY for an injunction. On demurrers to the bill.

This bill was brought against the City of Providence and the Harbor Commissioners of the State of Rhode Island.

*January* 26, 1889. PER CURIAM. The prayer of the bill is that the city of Providence may be enjoined from selling, conveying, or incumbering any portion of the cove promenade or the cove basin, and from driving spiles or building walls in said basin, or filling any part thereof, and from cutting trees and otherwise injuring or encroaching upon said promenade or basin. The ground of relief alleged, if we apprehend the purport of the bill correctly, is that the legal title in said cove and promenade was formerly in the State as trustee for the people, and that, though the State has conveyed the title to the city of Providence, it has not and could not by so doing alienate the beneficial rights of the people without a vote of the people authorizing such alienation, which vote has never been had. The suit is brought by certain persons who describe themselves as of the city of Providence, but who do not show any other right to maintain the suit. We presume that the ground on which they ask the relief prayed for is, that they are a part of the people, and will suffer.in common with the people unless the city is enjoined from committing the acts which they ask to have it enjoined from committing. A sufficient answer to the suit would be, that private individuals cannot maintain a suit to prevent injury to a public right, where they will suffer simply in common with the rest of the people, but a suit for such purpose, if brought, must be brought by the Attorney General, or some other officer thereunto duly authorized. But further the city, for anything that appears, is acting or proposing to act within the authority of an act of the General Assembly,

Pub. Laws R. I. cap. 722, of May 31, 1888,[1] which act empowers the city to fill the cove basin in part, to discontinue the park or promenade, and to sell, convey, or exchange the land for railroad or other purposes. The court has no power to enjoin the city from doing what it is thus authorized to do, unless the act conferring the authority is unconstitutional. In the case of *Clark* v. *The City of Providence, ante,* p. 337, this court held the act to be constitutional. We held in that case that the State, or the General Assembly as the organ of the State, is the representative of the public or people as to the public right, and as such has power to release the right, the General Assembly having in the matter the authority, not simply of the English crown, but of both crown and parliament, except so far as it has been limited by the Constitution of the State, or by the Constitution and laws of the United States. There is no precedent for the claim that the proper mode of relinquishing such a public right is by popular vote. Indeed, we do not see upon what principle the people as distinguished from the State, that is to say, the people as a mere aggregate of individuals, can be supposed to have power to relinquish such a public right, the only right of such an aggregate being the constantly changing right of the individuals composing it to use and enjoy such public right at the most only during their individual lives. The argument submitted in behalf of the complainants does not convince us that the decision recently rendered by the court in *Clark* v. *The City of Providence* is erroneous.

The demurrer is sustained and the bill dismissed. No costs.

*Jerome B. Kimball & Charles M. Salisbury,* for complainants.

*Nicholas Van Slyck,* City Solicitor, for respondent, the City of Providence.

*Horatio Rogers,* Attorney General, for respondents, the Harbor Commissioners.

---

[1] Printed *ante,* p. 338.